**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


KEITH E. BROWN,
                        Appellant,

                v.

DEPARTMENT OF DEFENSE,
                        Agency.

DOCKET NUMBER
SF-0752-13-0336-I-1

DATE: December 16, 2014


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Clifford H. Thomas III, Stockton, California, for the appellant.

Christine J. Kim, Stockton, California, for the agency.


**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member


**FINAL ORDER**

¶1      The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which reversed the appellant's indefinite suspension and denied his affirmative defenses of harmful error and discrimination.  Generally, we grant petitions such as these only when:  the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The agency proposed to indefinitely suspend the appellant based upon the filing of a felony criminal complaint against him. *See* Initial Appeal File (IAF), Tab 4, Subtab 4m (notice of proposed indefinite suspension), Subtab 4n (felony criminal complaint). In its notice of proposed indefinite suspension, the agency alleged that, based upon the filing of the criminal complaint, it had reason to believe that the appellant had committed a crime for which a sentence of imprisonment could be imposed. IAF, Tab 4, Subtab 4m. The appellant provided a written response to the agency's proposal, IAF, Tab 4, Subtab 4f, and the deciding official sustained the agency's proposed indefinite suspension and placed the appellant on indefinite suspension effective April 1, 2013, IAF, Tab 4, Subtab 4e.[2]

---

[2] Although the agency proposed to effectuate the appellant's indefinite suspension less than 30 days from the date of its notice, the agency issued a decision more than 30 days after issuing its proposal notice. *See* 5 U.S.C. § 7513(b)(1) (providing that an employee must have "at least 30 days' advanced written notice [of a proposed adverse action]

¶3    The appellant filed an initial appeal challenging his indefinite suspension and asserted affirmative defenses of harmful error and discrimination based upon race, color, and age.  *See* IAF, Tabs 1, 11.  Following a hearing, the administrative judge reversed the appellant's indefinite suspension because "only a criminal complaint had been filed against the appellant at the time of the proposed suspension, [and] there was no evidence that an Information or Grand Jury indictment had been filed."  IAF, Tab 16, Initial Decision (ID) at 4.  The administrative judge, however, denied the appellant's affirmative defense of harmful error, which was based on his allegation that the agency failed to conduct an independent investigation into the facts surrounding his criminal charges, and the administrative judge further found that the appellant failed to establish his claims of discrimination based upon race, color, and age because, inter alia, each of his proffered comparators were not criminally charged, thus justifying their being placed on administrative leave, rather than on indefinite suspension.  ID at 5, 7.

¶4    The appellant has filed a petition for review arguing that the administrative judge erred in denying his affirmative defenses, and the agency has filed a cross petition for review arguing that its indefinite suspension action should be sustained under *Hernandez v. Department of the Navy*, 120 M.S.P.R. 14 (2013), and *Phillips v. Department of Veterans Affairs*, 58 M.S.P.R. 12 (1993), *aff'd*, 17 F.3d 1443 (Fed. Cir. 1994) (Table).  *See* Petition for Review (PFR) File, Tab 1 (the appellant's petition for review), Tab 2 (the agency's petition for review).  Separately, the appellant has filed a motion to dismiss the agency's petition for review arguing that the agency has failed to comply with the administrative judge's interim relief order because it has issued a subsequent decision letter removing him from employment based upon his pleading guilty to a misdemeanor

_____

unless there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed[.]").

violation of the California Vehicle Code. *See* PFR File, Tab 8. The agency has filed an opposition to the appellant's motion to dismiss. *See* PFR File, Tab 12.

<u>The administrative judge's initial decision reversing the indefinite suspension action is AFFIRMED</u>.

¶5      We have reviewed the agency's argument that the administrative judge erred in reversing the appellant's indefinite suspension, and we discern no error with the administrative judge's findings. The record reflects that the agency relied solely upon the filing of a felony criminal complaint against the appellant when proposing to indefinitely suspend him based upon reasonable cause to believe he had committed a crime for which a sentence of imprisonment could be imposed. IAF, Tab 4, Subtab 4m. The Board has held that "reasonable cause" in the context of an indefinite suspension based on criminal misconduct is virtually synonymous with "probable cause," which is necessary to support a grand jury indictment, i.e., probable cause to believe that a crime has been committed and that the accused has probably committed it. *Hernandez*, 120 M.S.P.R. 14, ¶ 7. Generally, the issuance of an arrest warrant, or the actual arrest of an employee, is insufficient to meet this standard. *Id*. (citing and discussing *Dunnington v. Department of Justice*, 956 F.2d 1151, 1153 (Fed. Cir. 1992)). A formal judicial determination following a preliminary hearing or an indictment following an investigation and grand jury proceeding, however, is more than sufficient. *Hernandez*, 120 M.S.P.R. 14, ¶ 7.

¶6      Here, we agree with the administrative judge that the filing of a criminal complaint charging the appellant with three felony violations, without more, is insufficient to sustain an indefinite suspension based upon reasonable cause to believe that the appellant has committed a crime for which a sentence of imprisonment may be imposed. ID at 4. There is no evidence in the record that some formal judicial determination followed the filing of the felony criminal complaint against the appellant, and we agree with the administrative judge that under California law, the filing of a felony criminal complaint is only a

"preliminary accusation" which brings the defendant before a judicial officer for a probable cause determination and is therefore insufficient to establish reasonable cause to believe that the appellant has committed a crime for which a sentence of imprisonment may be imposed. ID at 3; *see Hernandez*, 120 M.S.P.R. 14, ¶ 12 n.4. We further find *Hernandez* distinguishable because the appellant in that case was charged with several criminal misdemeanor violations, and, under California law, when a defendant is charged with a criminal misdemeanor and is not in custody, no probable cause determination is made, thus making "a misdemeanor complaint [] comparable to an indictment." *Hernandez*, 120 M.S.P.R. 14, ¶¶ 13-14. Because the felony criminal complaint filed against the appellant in this case required some additional probable cause determination under California law, *Hernandez* does not support the agency's argument on petition for review. *Id.* (discussing California criminal law and procedure); ID at 4.

¶7 We further disagree with the agency that the appellant's indefinite suspension should have been sustained based on the "overall circumstances" surrounding the filing of the felony criminal complaint. PFR File, Tab 2 at 2-3. There is no evidence in the record that the agency undertook some internal agency investigation or action "to satisfy itself that there was reasonable cause to believe that a crime was committed for which imprisonment could be imposed," *Barresi v. U.S. Postal Service*, 65 M.S.P.R. 656, 666 (1994), and we disagree with the agency's suggestion that "the [a]ppellant has never really denied the underlying facts of the criminal charges," PFR File, Tab 2 at 3. To the contrary, the record shows that the appellant denied the criminal nature of his conduct, *see, e.g.*, IAF, Tab 4, Subtabs 4f, 4r, and because the agency did not conduct its own investigation in an effort to satisfy itself that the "statutory test of reasonable cause" had been satisfied—i.e., probable cause to believe that a crime has been committed and that the appellant probably committed it—we find that the agency cannot demonstrate that a review of "all of the circumstances in this case"

establishes that it had reasonable cause to believe that the appellant had committed a crime for which a sentence of imprisonment could be imposed, *Phillips*, 58 M.S.P.R. 12, 15; *see Barresi*, 65 M.S.P.R. 656, 666-67 (rejecting the agency's attempt to justify indefinite suspensions based on employees' arrests and arraignments "without investigating the underlying facts behind" those actions). The administrative judge's initial decision reversing the appellant's indefinite suspension is AFFIRMED.

The administrative judge's initial decision rejecting the appellant's affirmative defenses of discrimination is AFFIRMED.

¶8　　　　We also have considered the appellant's argument that the administrative judge wrongly denied his affirmative defense of disparate treatment based upon race, color, and age,[3] and we find that the record supports the administrative judge's finding of no discrimination on each of these bases. *See* PFR File, Tab 1, Subtab A at 4-5; ID at 6-7. Once a hearing has been held and the record is complete, the Board will not review discrimination claims using a burden-shifting approach; rather, it will proceed directly to the ultimate question of whether the appellant has proven by preponderant evidence that the agency's actions were a pretext for discrimination. *See Berry v. Department of Commerce*, 105 M.S.P.R. 596, ¶ 10 (2007). In determining whether the appellant has carried his ultimate burden of proving discrimination, the administrative judge may consider evidence going to the appellant's prima facie case, such as whether he identified similarly-situated comparator employees who were treated differently. *See*

---

[3] The appellant also argues that the administrative judge wrongly denied his harmful procedural error affirmative defense. *See* PFR File, Tab 1, Subtab A at 13. Because we are affirming the administrative judge's decision to reverse the appellant's indefinite suspension, the appellant would be entitled to no additional relief if we reached and determined that he had proven his claim of harmful error. *See* 5 U.S.C. § 7701(c)(2)(A) ("an agency's decision may not be sustained . . . if the employee . . . (A) shows harmful error in the application of the agency's procedures at arriving at such decision"). Accordingly, we will not address the appellant's arguments of harmful error in his petition for review.

*McCurn v. Department of Defense*, [119 M.S.P.R. 226](#), ¶ 16 (2013) (evidence of the prima facie case can be relevant to the ultimate issue of whether the appellant established discrimination by preponderant evidence). For employees to be deemed similarly situated for the purposes of an affirmative defense of discrimination, all relevant aspects of the appellant's employment situation must be "nearly identical" to those of the comparator employees. *Hooper v. Department of the Interior*, [120 M.S.P.R. 658](#), ¶ 6 (2014) (quoting and citing *Adams v. Department of Labor*, [112 M.S.P.R. 288](#), ¶ 13 (2009)).

¶9          We agree with the administrative judge that the record supports the agency's nondiscriminatory reasons for indefinitely suspending the appellant, and we further agree with the administrative judge that the absence of comparator evidence provides an additional basis for rejecting the appellant's disparate treatment claims. ID at 6-7.[4] The appellant argued below that several employees were placed on administrative leave pending the agency's inquiry into their misconduct, whereas the appellant was indefinitely suspended. IAF, Tab 8, Subtab EE. We agree with the administrative judge, however, that each of the appellant's proffered comparators were not similarly situated because none of them were criminally charged.[5] ID at 6. We have reviewed the balance of the record evidence, including the hearing testimony of the proposing and deciding

---

[4] The inquiry into whether the appellant established discrimination is separate from whether the agency established the propriety of its adverse action under Title 5. *See Marchese v. Department of the Navy*, [32 M.S.P.R. 461](#), 464 (1987); ID at 7.

[5] The record demonstrates that the agency initiated removal proceedings against an employee who was on administrative leave upon his being charged with a criminal violation. *See* IAF, Tab 10, Subtab S. We find that the agency's treatment of this employee does not support the appellant's claim that the agency discriminated against the appellant by placing him on indefinite suspension. *See Lee v. Environmental Protection Agency*, [115 M.S.P.R. 533](#), ¶ 41 (2010) (an appellant must show that he was "treated *more harshly or disparately* than the individual who was not a member of his protected group" to establish a prima facie case of discrimination) (emphasis added); PFR File, Tab 1, Subtab A at 4-5. In both cases, the agency initiated adverse action proceedings against the employees upon the filing of criminal charges.

officials, and we concur with the administrative judge that there is no evidence establishing that the agency's decision to indefinitely suspend the appellant was the result of impermissible discrimination. *See Hooper*, [120 M.S.P.R. 658](#), ¶¶ 6, 7 (finding that employees who received different charges of misconduct were not similarly situated and therefore did not establish discriminatory treatment); *Hodge v. Department of Homeland Security*, [114 M.S.P.R. 636](#), ¶¶ 9, 11-13 (2010) (overturning an indefinite suspension but denying a discrimination affirmative defense because of the absence of evidence showing that the suspension was motivated by discriminatory animus).

The appellant's motion to dismiss the agency's petition for review is DENIED.

¶10      Finally, we DENY the appellant's motion to dismiss the agency's petition for review for failure to comply with the administrative judge's interim relief order. *See* PFR File, Tab 8. As the agency correctly argues, its decision to initiate a subsequent removal action against the appellant was the subject of a separate appeal. *See* MSPB Docket No. SF-0752-14-0310-I-1. This matter is properly before the administrative judge for an initial adjudication. *See, e.g.*, *Rothwell v. U.S. Postal Service*, [68 M.S.P.R. 466](#), 468-69 (1995) (forwarding a challenge to a second removal action brought as a challenge to the agency's compliance with an interim relief order to the regional office for docketing as an initial appeal). The appellant's motion to dismiss the agency's petition for review for failure to comply with the administrative judge's interim relief order is DENIED.

## ORDER

¶11      We ORDER the agency to cancel the suspension and retroactively restore the appellant and to restore the appellant effective April 1, 2013. *See Kerr v. National Endowment for the Arts*, [726 F.2d 730](#) (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶12    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶15    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.



| | **DFAS CHECKLIST** |
|---|---|
| | **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a.  Employee name and social security number.
   b.  Detailed explanation of request.
   c.  Valid agency accounting.
   d.  Authorized signature (Table 63)
   e.  If interest is to be included.
   f.  Check mailing address.
   g.  Indicate if case is prior to conversion.  Computations must be attached.
   h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a.  Must provide same data as in 2, a-g above.
   b.  Prior to conversion computation must be provided.
   c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.